UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| DARRYL A MAXWELL, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. C-10-277 |
| | § | |
| FIRST DATA CORPORATION, | § | |
| | § | |
| Defendant. | § | |

## ORDER

On this day came on to be considered Plaintiff's Motion to Remand for lack of subject matter jurisdiction in the above-styled action. (D.E. 4.) For the reasons discussed below, the Court REMANDS this action pursuant to 28 U.S.C. § 1447(c) to the County Court at Law No. 2 of Nueces County, Texas, where it was originally filed and assigned Cause No. 10-61288-2. The Court defers to the state court for Plaintiff's request for attorney's fees and costs.

### I.      Factual and Procedural Background

On July 9, 2010, Plaintiff Darryl A. Maxwell brought this employment discrimination action against her former employer, Defendant First Data Corporation, in state court. (D.E. 1, Exh. B.) Plaintiff alleges that she was discriminated against because of her race, color and gender in violation of Texas Labor Code, Section 21.001 et seq. (D.E. 1, Exh. B, p. 3-5.) Defendant was served with process on July 22, 2010 and timely removed this action to this Court on August 17, 2010. (D.E. 1.) Defendant alleges this Court has diversity jurisdiction over this case pursuant to 28 U.S.C. § 1332(a). (D.E. 1, p. 1.) On September 1, 2010, Plaintiff filed a motion to remand the action back to state court for lack of subject matter jurisdiction. (D.E. 4.)

## II.     Discussion

### A.     General Removal Principles

A defendant may remove an action from state court to federal court if the federal court possesses subject matter jurisdiction over the action.  28 U.S.C. § 1441(a); see Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002).  A court, however, "must presume that a suit lies outside its limited jurisdiction." Howery v. Allstate Ins. Co., 243 F.3d 912, 916 (5th Cir. 2001).  The removing party, as the party seeking the federal forum, bears the burden of showing that federal jurisdiction is proper. See Manguno, 276 F.3d at 723.  "Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." Id.

### B.     Removal Based on Diversity Jurisdiction

When the alleged basis for federal jurisdiction is diversity under 28 U.S.C. § 1332, the removing defendant has the burden of demonstrating that there is: (1) complete diversity of citizenship; and (2) an amount-in-controversy greater than $75,000, exclusive of costs and interests. See 28 U.S.C. § 1332(a).

#### 1.     Diversity of Parties

Section 1332(a) requires "complete diversity" of citizenship, and the district court cannot exercise diversity jurisdiction if one of the plaintiffs shares the same state citizenship as any one of the defendants.  See Corfield v. Dallas Glen Hills LP, 355 F.3d 853, 857 (5th Cir. 2003).  In removal cases, diversity of citizenship must exist both at the time of filing in state court and at the time of removal to federal court. See Coury v. Prot, 85 F.3d 244, 249 (5th Cir. 1996).  In this case, complete diversity exists because Plaintiff is a citizen of Texas and Defendant is incorporated in Delaware with its principal place of business in Georgia. (D.E. 1, p. 2.)

### 2. Amount in Controversy

Generally, the amount in controversy for the purposes of establishing federal jurisdiction should be determined by the plaintiff's complaint. See St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288 (1938); De Aguilar v. Boeing Co., 47 F.3d 1404, 1411-12 (5th Cir. 1995). Where it is not "facially apparent" from the complaint that plaintiff's claims are likely to exceed $75,000, the defendant has the burden to prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount. See Allen v. R & H Oil & Gas Co., 63 F.3d 1326, 1335 (5th Cir. 1995); see also Manguno, 276 F.3d at 723 ("[W]here . . . the petition does not include a specific monetary demand, [the defendant] must establish by a preponderance of the evidence that the amount in controversy exceeds $75,000.").

### a. This Court Lacks Diversity Jurisdiction Over This Case

Plaintiff's Original Petition states that "Plaintiff is entitled to reasonable damages, in the maximum amount of, BUT NOT EXCEEDING, Seventy Five Thousand Dollars." (D.E. 1, Exh. B. p. 5 (emphasis in original).) Because Plaintiff pleads damages less than the jurisdictional amount required for removal, it is not "facially apparent" from the Original Petition that the amount in controversy requirement has been met. Allen, 63 F.3d at 1335. It is therefore Defendant's burden to "set forth the facts" showing that the amount in controversy exceeds $75,000, exclusive interest and costs. Id. ("[I]f a plaintiff pleads damages less than the jurisdiction amount, he generally can bar a defendant from removal.").

The Defendant's removal petition fails to present any evidence or affidavits that would support the finding that the amount in controversy requirement has been met. (D.E. 1.) Instead, the petition merely, in a conclusory manner, asserts that "the amount in controversy exceeds $75,000." (D.E. 1, p. 1.) "Removal cannot be based simply upon conclusory allegations."

Felton v. Greyhound Lines, Inc., 324 F.3d 771, 774 (5th Cir. 2003). Defendant has thus failed to establish that this action involves an amount in controversy of more than $75,000, exclusive of costs and interests, as required for this Court to retain diversity jurisdiction over this action. See 28 U.S.C. § 1332; Frank v. Bear Stearns & Co., 128 F.3d 919, 921 (5th Cir. 1997) ("The party invoking the removal jurisdiction of federal courts bears the burden of establishing federal jurisdiction over the state court suit."). Accordingly, this Court must remand this case. 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."); see Lott v. Dutchmen Mfg., Inc., 422 F. Supp. 2d 750, 752 (E.D. Tex. 2006) (citing Manguno, 276 F.3d at 723).

### III. Conclusion

For the reasons stated above, this Court determines that it does not have subject matter jurisdiction over the above-styled action and therefore GRANTS Plaintiff's Motion to Remand. (D.E. 4.) This case is hereby REMANDED pursuant to 28 U.S.C. § 1447(c) to the County Court at Law No. 2 of Nueces County, Texas, where it was originally filed and assigned Cause No. 10-61288-2. The Court defers to the state court for Plaintiff's request for attorney's fees and costs.

SIGNED and ORDERED this 8th day of September, 2010.

_____
Janis Graham Jack
United States District Judge